# RICARDO M. ADOBBATI

ATTORNEY & COUNSELOR AT LAW

134 E. Price Road • Brownsville, Texas 78521
Tel (956) 544-6882 • Fax (956) 544-6883

United States District Court
Southern District of Texas
FILED

FEB 26 2003

Michael N. Milby
Clerk of Court

February 13, 2003

The Honorable Judge Filemon Vela
United States District Court
600 E. Harrison
Brownsville, Texas 78520

      Ref:   Civil Action No. B-91-185;
              Consolidated with B92-079, B-93-009, B-93-137, B-94-047
              Rolando Rodriguez et al v. Mallory Capacitor Company et al

Dear Judge Vela:

      Pursuant to your request as well as the meeting we had last week, please allow this to serve as a status report summarizing the progress made to date in the above referenced matter. I will also provide my recommendations with regard to the incapacitated adults and the dissolution/continuation as to each individual trust.

      1. General Considerations

      After a thorough investigation it appears the beneficiaries of these trusts fall into three categories. I have come to this conclusion after individually meeting with practically all the families in this matter. As the court is well aware, the families are concerned for several reasons. Firstly, they wish to preserve the trust corpus. Any correspondence reflecting any possible change automatically creates a concern by them that they may lose the corpus or the benefits they are entitled to receive throughout the life of the beneficiary. Secondly, they are upset with the lack of availability of the funds. This is primarily based on the fact that they see the trust as a simple account. They do not fully comprehend the limitations placed on the trustee as to the ability to distribute any funds. This has been explained to them and I feel they are now better educated as to the situation. The families are now aware of my function as well as my intent to improve their current situation by providing more clarity as to what the funds may be used while preserving the intent of the trusts, if applicable.

      2. Group Classifications

      As mentioned above, the beneficiaries fall into three categories: 1) Candidates for trust dissolution; 2) American Citizens subject to a Special Needs Trust; and 3) Mexican Citizens subject a limited Special Needs Trust. I will discuss each category in turn along with my recommendations or concerns, if applicable:

Page 2
Judge Filemon Vela
February 13, 2003

    A. <u>Candidates for Trust Dissolution</u> – This category is very limited in quantity. I have only met three individuals to date that I feel are capable of managing their own affairs and funds. As the court is aware, Reynaldo Sanchez has already had his trust dissolved and the funds are to be invested in the purchase of a home. The two other candidates are Jose Antonio and Omar Mireles. Both graduated from high school (regular course of study rather than special education). Both have attended college and intend on using some of the funds to further their education. I have spent a large amount of time with the beneficiaries and it is apparent they are well centered individuals that have the ability to manage their own funds. I would recommend that these trusts be dissolved after a formal hearing, however, the funds should be invested in an annuity rather than allowing that they receive a lump sum at dissolution. I have discussed this matter with the two candidates and they are in complete agreement. They only request that a small portion of the corpus be issued at dissolution in order to pay tuition and expenses. It must be noted both individuals have some physical disabilities. According to my research as well as the advice of some trust attorneys, this should not be a problem. Should they at any time feel they need the use of government benefits, they can create a new Special Needs Trust and seek re-qualification under Social Security. This is a matter we can address at the hearing.

    B. <u>American Citizens subject to a Special Needs Trust</u> – These individuals are subject to a Special Needs Trust which lacks the requisite "payback provision." The monthly annuity payment is deposited directly into the trust. This has created a difficult situation as many have lost the government benefits because the government sees the trust as income, however, the trust does not allow for payments that should be covered through Social Security. As such, they neither get aid from the government nor are they allowed to use the trust absent a reasonable expense not covered by government aid. These individuals will require that the trust be continued and rewritten to reflect the proper provisions. Namely, the trust must indicate that upon death of the beneficiary, the trust is to pay Social Security for the funds paid during the life of the beneficiary, assuming there are funds left. Considering the majority of these trusts will end on the death of the beneficiary, this is not something that is of great concern. If the proper provision are included either through a redrafting of the trust, or through placement of the funds in a master pooled trust such as the Arc of Texas (this will be detailed later), the beneficiaries will again qualify for benefits while maintaining the trust for additional expenses.

    C. <u>Mexican Citizens</u> – The beneficiaries in this category have been subject to the same limitations placed as a Special Needs trust with regard to the corpus, however, the monthly annuity payments are directly mailed to the family of the beneficiary as there is no concern with regard to the possible loss of Social Security benefits. For this group of people, I would recommend the funds be

Page 2
Judge Filemon Vela
February 13, 2003

placed in a discretionary trust. The trust would be limited to only those expenses incurred for the health, welfare and benefit of the beneficiary. As to the trustee, the options are much more flexible. Options include simply setting up the trust at a local bank and having an attorney (myself) or a third party administer the trust or simply setting up such a trust with a third party that specializes in this field. The decision should be based on cost and communication. I will provide the court with the expected annual costs once I receive same.

My main concern with the individuals is that of communication. The majority of the families only communicate in spanish and as such, I do not feel they will be able to request the funds on a regular basis with the ease that they require, or as represented by the third party trustees. For this reason it may require that I remain involved at a minimal level and resolve issues when it is clear communication is failing.

I would be happy to discuss these matters further and would welcome any comments or suggestions from the court. I look forward to hearing from you and please feel free to call my offices should you have any questions.

Sincerely,

By: _____
Ricardo M. Adobbati

RMA/og