2b8

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE COURT-CREATED TRUST | § | CIVIL ACTION NO. B-91-185 |
| | § | CONSOLIDATED WITH: |
| | § | B-92-079 |
| FOR THE BENEFIT OF | § | B-93-009 |
| | § | B-93-137 |
| ROLANDO RODRIGUEZ, JR. | § | B-94-047 |

**APPLICATION FOR APPOINTMENT OF SUCCESSOR TRUSTEE**
**AND TO MODIFY TRUST**

COME NOW, RICARDO ADOBBATI  Attorney ad Litem herein and TEXAS STATE BANK

(hereinafter "Applicant" and "Trustee" respectively), Trustee of the ROLANDO RODRIGUEZ, JR.

TRUST (the "Trust") which Trust was created by this Court's Order for the benefit of ROLANDO

RODRIGUEZ, JR.  ("Beneficiary"), and who, pursuant to the provisions of the Trust, this Court's

Order, and the Texas Property Code, file this Application for Appointment of Successor Trustee and

to Modify Trust (the "Application").  In support of the Application, Applicant and Trustee would

show the Court as follows:

1.  By Order dated June 27th, 1995, (the "Creation Order"), this Court created a trust for the

benefit of Beneficiary pursuant to the Court's Order and the provisions of the Texas Property Code.

Trustee is named Trustee of the Trust by the Creation Order.  The Trust is governed by the terms of

the trust instrument as filed in this cause and incorporated herein by reference.

2.  Applicant believes that it would be in the best interests of Beneficiary, who is an incapacitated

and/or disabled person as defined by law, for the Trust to be modified so as to qualify the Trust as a

"special needs trust" under the provisions of 42 U.S.C. Section 1396p(d)(4)(A), and Texas Property

Code Section 142.005(g), and Applicant requests that the Court modify the trust instrument

governing the Trust so that it contain the provisions necessary to make it such a qualifying trust. This modification of the Trust will allow Beneficiary to apply for and receive government benefits and assistance which may otherwise be denied to Beneficiary because the Trust as currently written does not qualify as a "special needs trust."

3.  In 1997, the Texas Legislature enacted SB 912 (Acts, 75th Legislature, Regular Session, Chapter 128), which added subparagraph (g) to Section 142.005 of the Texas Property Code, which reads as follows:

*(g)  Notwithstanding any other provision of this chapter, if the court finds that it would be in the best interests of the minor or incapacitated person for whom a trust is created under this section, the trust may contain provisions determined by the court to be necessary to establish a special needs trust as specified under 42 U.S.C. Section 1396p(d)(4)(A).*

4.  Applicant believes that it would clearly be in the best interests of Beneficiary for the Trust to qualify as a special needs trust and requests that this Court modify the Trust as allowed and enacted by this legislation.

5.  In order to avoid and confusion or question regarding the terms and conditions of the Trust and the applicability of Texas Property Code Section 142.005(g) to the Trust, Applicant and Trustee ask the Court to modify the Trust so that Tex. Prop. Code § 142.005(g), as added by SB 912, clearly applies to the Trust. Therefore, Applicant and Trustee ask the Court to modify and amend the existing Trust in accordance with the provisions of the trust instrument filed herein and identified as Exhibit "A" being the MODIFIED TRUST AGREEMENT FOR THE ROLANDO RODRIGUEZ, JR. TRUST.

6.  Texas State Bank as Trustee has heretofore submitted its resignation as Trustee of the Trust. Applicant requests that this Court allow Trustee to resign as Trustee of the Trust and Applicant and

Trustee request that the Court appoint SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A. ("Successor Trustee") to act as Successor Trustee of the Trust.

7.   Trustee has tendered an accounting of its actions as Trustee of the Trust ("Final Accounting") from the date of its inception through March 21st, 2003. The Final Accounting reflects the Trustee has administered the trust in accordance with the requirements of the Trust and Texas law.

8.   The Final Accounting should be approved in all respects, and the Trustee should be released and discharged from any and all claims and liabilities arising out of, or in any way related to, the Trust and the administration of the Trust Assets.

9.   Applicants, Current Trustee and Successor Trustee further request the Ad Litem continue in his involvement with this matter should the need arise. More specifically, the beneficiary and the guardians in this matter are not fluent in the English language, although successor trustee has, or may have a spanish-speaking agents, discussions regarding future activity, disputes and misunderstandings may arise. It is the intent of this request to involve the ad litem in any such issues in order to attempt to resolve the matter at hand. Any costs incurred with regard to same shall be paid by the Trust corpus at a reasonable hourly rate. Should the resolution involve more than one Trust, each Trust shall incur said costs pro rata.

WHEREFORE PREMISES CONSIDERED, Applicant and Trustee request that the Court consider this Application and enter an Order allowing TEXAS STATE BANK to resign as Trustee of the Trust and appointing SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A. to serve as Successor Trustee; that ad litem, Ricardo M. Adobbati continue to represent the beneficiaries should the need arise as outlined above, and modifying the current trust agreement in accordance with the provisions of the trust instrument filed

herein and identified as Exhibit "A" being the MODIFIED TRUST AGREEMENT FOR THE

ROLANDO RODRIGUEZ, JR. TRUST.

Respectfully Submitted,

LAW OFFICES OF RICARDO M. ADOBBATI

By: _____
      RICARDO M. ADOBBATI
      State Bar No. 00790208
      Cameron County I.D. #442401
      Fed I.D. #18158

ATTORNEY AD LITEM
134 East Price Road
Brownsville, Texas 78521
(956) 544-6882
(956) 544-6883 FAX


TEXAS STATE BANK

By: _____
      DAVID KITHCART
      State Bar No. 11541300
      Fed. I.D. # 1087

ATTORNEY FOR TEXAS STATE BANK
ROUNDTREE & KITHCART
222 E. Van Buren – Suite 101
Harlingen, Texas 78550
(956) 440-1234

TEXAS STATE BANK
3900 N. 10th Street – 3rd Floor
McAllen, Texas  78501
(956) 632-7615

## EXHIBIT "A"
## THE MODIFIED TRUST AGREEMENT FOR
## ROLANDO RODIGUEZ, JR.

### ARTICLE I
### AUTHORITY FOR MODIFICATION OF TRUST

This Trust is modified and amended pursuant to Tex. Prop. Code §142.005(g) and 42 U.S.C. Section 1396p(d)(4)(A), and by Order of the United States District Court for the Southern District of Texas Brownsville Division (the "Court") in Civil Action No. B-91-185. The Court created the ROLANDO RODRIGUEZ, JR. TRUST (the "Original Trust") for the Benefit of ROLANDO RODRIGUEZ, JR. (the "Beneficiary") by its Order dated June 27, 1995. The Original Trust is herein amended and modified by the Court's subsequent Order so that the following provisions replace all of the prior provisions of the Original Trust as previously established and the Original Trust terms are stricken and the modified terms, in their entirety, shall now read and provide as follows:

### ARTICLE 2
### NAME OF THE TRUST

**Name.** The Trust shall be known as THE MODIFIED ROLANDO RODRIGUEZ, JR.

### ARTICLE 3
### TRUST ESTATE AND BENEFICIARY

**Trust Estate.** The initial trust estate of the Trust shall be the property described on the attached "Schedule A of Property," which is incorporated herein by reference. This property, together with any additions acceptable to the Trustee, plus any interest, income, and other accruals received on this corpus, shall constitute the Trust Estate.

**Beneficiary.** During his lifetime, the sole beneficiary of the Trust, who is referred to in this

document as the Beneficiary, shall be ROLANDO RODRIGUEZ, JR. (the "Beneficiary").

## ARTICLE 4
## DISPOSITION OF PRINCIPAL AND INCOME

**Payments.**  Prior to the termination of the Trust, the Trustee shall pay to or apply for the benefit of the Beneficiary during his lifetime, those amounts from the principal or income, or both, of the Trust as the Trustee in the Trustee's sole and absolute discretion, may from time to time deem reasonable or necessary for the health, education, support and maintenance of the Beneficiary.  Any net income of the Trust that is not actually distributed or otherwise disposed of currently (that is, within the trust tax year in which it is received or as soon thereafter that it is regarded for tax purposes as having been distributed within the tax year in which received) shall be added to principal.

Payments of principal and income need not be made equally for the benefit of the Beneficiary but may be made in unequal amounts according to the needs of the Beneficiary as determined by the Trustee in the Trustee's discretion.  In making a distribution, the Trustee shall have the discretion to take into consideration all other funds and financial resources (both income and principal) available to the Beneficiary for such purposes from other sources, and primarily, the ability of any person who is legally obligated to support the Beneficiary to do so.  However, in exercising the discretion herein conferred upon the Trustee, it is expressly understood that the Trustee may make disbursements that, in addition to benefiting the Beneficiary, may incidentally benefit the Beneficiary's family, by improving the family's standard of living.  The Trustee may, but shall not be required to, consider the standard of living of the family and the direct impact that the family's standard of living has on the standard of living and potential for happiness of the Beneficiary in making trust disbursements.

Unless otherwise directed by the Court, distributions may be made from this Trust without prior court approval.

### ARTICLE 5
### TRUST TERMINATION:  PAYMENT AND
### DISTRIBUTIONS ON TERMINATION OF THE TRUST

**Termination.**   Subject to the provisions of Articles 7 & 8 below regarding termination of the Trust and reimbursement for Medical Assistance payments, the Trust shall terminate on the first to occur of: 1) exhaustion of corpus, 2) the date the Beneficiary's incapacities have been removed by order of a court of appropriate jurisdiction so long as the Beneficiary has, at that time, at least attained the age of twenty-five (25) years; or 3)  upon the death of the Beneficiary.  The Trust may also be terminated in whole or in part at any time by order of the Court.  At the time of termination, any remaining assets, principal and any undistributed income of the Trust, shall be distributed to the Beneficiary, outright and free of trust, or, if the Beneficiary is then deceased, to the heir(s) or representative of the deceased Beneficiary's estate.

### ARTICLE 6
### PROTECTIVE PROVISIONS

**Spendthrift Trust.**  This is a Discretionary Spendthrift Trust.  To the extent permitted by law, the interest of the Beneficiary shall be held subject to a spendthrift trust as provided in Section 112.035 of the Texas Property Code.  None of the principal or income of the Trust Estate or any interest therein shall be anticipated, assigned, encumbered, or be subject to any creditors' claims or to any legal process by the Beneficiary.  Furthermore, because this Trust is to be conserved and maintained for the needs, including the supplemental or special needs of the Beneficiary, who may be medically disabled or impaired throughout his life, during his lifetime no part of the Trust Estate

3

shall be construed as part of the Beneficiary's estate, or be subject to the claims of voluntary or involuntary creditors of the Beneficiary. No part of the Trust Estate shall be liable to the Beneficiary's creditors during his life or after his death except as provided herein.

**Trustee's Fees and Expenses.** Each Trustee named herein or appointed in accordance with provisions hereof shall be entitled to receive fair and reasonable compensation for its service as Trustee to be paid from the Trust's income, principal, or both. Unless otherwise approved by the Court, the Trustee's compensation for any corporate trustee serving as Trustee of the Trust shall not exceed the Trustee's regularly published fee schedule then in existence for such services and as outlined in Schedule B attached. The Trustee may receive its compensation on an annual, quarterly, or monthly basis, at the Trustee's election. The Court hereby currently and prospectively approves the Trustee's fees for so long as such fees do not exceed the Trustee's regularly published fee schedule and applicable discounts, if any, as stipulated herein and as attached as Schedule B. The Court may review any future Trustee's fees at any time and from time to time on the Court's own motion, or upon the motion of the Trustee, or any other party interested in the welfare of the Beneficiary. The Trustee shall also be entitled to reimbursement of reasonable costs expended by the Trustee in the administration of the Trust.

**Professional Fees & Other Expenses.** All reasonable expenses in establishing, maintaining, administering, and defending this Trust, including but not limited to, reasonable attorney fees, ad litem fees, accounting fees, or other professional fees and costs shall be a proper charge to the Trust.


### ARTICLE 7
### SPECIAL OR SUPPLEMENTAL NEEDS TRUST PROVISIONS

4

**Special or Supplemental Needs for Incapacitated or Disabled Beneficiary.**
Notwithstanding any of the foregoing or subsequent provisions, if at any time during the existence of this Trust, the Beneficiary is determined to be an incapacitated or disabled person as defined by law, including by the Social Security Act under the provisions of 42 U.S.C. Section 1382(c)(3) as amended, then the Trustee may make a determination, based on the best interests of the Beneficiary, to treat this trust as a "supplemental needs" or "special needs" trust as defined and provided for under 42 U.S.C. Section 1396p(d)(4)(A), and the following provisions pertaining to such shall apply.

**Distributions to Beneficiary.** The Trustee shall pay or apply for the benefit of the Beneficiary, during his lifetime, such amounts from the principal, or income, or both, up to the whole amount of the Trust Estate as is necessary, in accordance with applicable law and standards, for the satisfaction of the Beneficiary's needs, or special or supplemental needs, as the Trustee, in the Trustee's sole and absolute discretion, may from time to time deem reasonable or necessary subject to the strict limitations set out in this instrument. Any income of the Trust not distributed shall be added to the principal.

As used in this instrument, "special needs" or "supplemental needs" refers to the requisites for maintaining the Beneficiary's health, education, safety, and welfare when the Trustee determines, in the Trustee's discretion, that those needs are not being provided for by any public or private agency, office, or department of any state, including the State of Texas, the United States, or any insurance carrier with insurance policies covering the Beneficiary.

During the term of the trust the Trustee shall not expend any of the Trust principal or income for any property, assistance, services, benefits, or medical care that is or otherwise would be available to the Beneficiary from any governmental source or from any insurance carrier required to

5

cover the Beneficiary if, and only if, an application for such property, assistance, services, benefits, or medical care has been filed for the Beneficiary, or if, and only if, he is receiving such assistance from a source that requires such restriction by its rules. In such case, and if the Beneficiary has applied for and/or is receiving assistance that requires such limitation, the Trustee may use Trust property to supplement, but not to supplant, services, benefits, assistance, and medical care being received by the Beneficiary through any governmental resource so requiring the limitation. Provided, however, that the Trustee may, in the Trustee's sole, absolute, complete and unfettered discretion, make distributions to meet the Beneficiary's need for food, clothing, shelter, or health care even if such distributions may result in an impairment or diminution of the Beneficiary's receipt or eligibility for government benefits or assistance, but only if the Trustee determines that (i) the Beneficiary's needs will be better met if such distribution is made, and (ii) it is in the Beneficiary's best interests to suffer the consequent effect, if any, on the Beneficiary's eligibility for or receipt of government benefits or assistance. Provided further, however, if and only if, the Beneficiary is receiving or has applied for assistance wherein the mere existence of the Trustee's authority to make distributions pursuant to the preceding sentence, results or would result in the Beneficiary's loss of government benefits or assistance, regardless of whether such authority is actually exercised, then the preceding sentence shall be null and void and the Trustee's authority to make such distributions shall cease and shall be limited as provided in the first sentence of this paragraph, without exception, if it is determined that the receipt of such assistance is in the Beneficiary's best interest.

The Trustee may pay any premiums, co-payments, and deductibles for health care or insurance policies covering the Beneficiary. The Trustee should cooperate with the Beneficiary's parents, conservators, guardians, legal representatives, or others to seek support and maintenance for

6

the beneficiary from all available appropriate public or private resources. However, the Trustee shall not be responsible to the Beneficiary or any other person for distributions the Trustee may make that are not in keeping with benefit program rules or that cause the Beneficiary to be disqualified from benefits receipt.

Subject to the foregoing and above-stated authority of the Trustee to make distributions to or for the Beneficiary's benefit, the Trustee shall have the authority to (a) engage therapists and others to provide physical, occupational, aquatic or other therapy or procedures for the Beneficiary, either at the Beneficiary's home or at the therapist's (or other provider's) regular office or treatment center, (b) hire nutritionists and other health or medical advisors, and (c) hire nurses, nurses' aides, companion sitters or others to care for the Beneficiary.

**Trustee's Discretion.** Subject to the foregoing, in determining distributions to or for the benefit of the Beneficiary, the Trustee may consider (i) the standard of living to which the Beneficiary has been accustomed prior to the creation of the Trust; (ii) any known resources of the Beneficiary (including this Trust); (iii) the ability of any person who is legally obligated to support the Beneficiary to do so; and (iv) the ability of the Beneficiary to earn funds for the Beneficiary's own support and maintenance.

Payments of Trust principal and income need not be made in equal amounts to or for the Beneficiary's benefit but may be made in unequal amounts according to the Beneficiary's needs, or special or supplemental needs, as determined by the Trustee in the Trustee's discretion. Unless otherwise directed by a court of competent jurisdiction, distributions may be made from this Trust without prior court approval.

Subject to the foregoing provisions, it is the intention of the Court in modifying and

7

amending the Trust and approving these Articles and their provisions, to provide for the Beneficiary's needs without interfering with or reducing the benefits to which the beneficiary would otherwise be entitled to receive from any private source or from any state or federal agency, and to maximize the benefits available to the Beneficiary as is deemed appropriate and applicable in the Trustee's discretion and as it is in the Beneficiary's best interest. The Trust, then, is explicitly intended to be a discretionary trust and not a basic support trust, and the Trust assets are intended to be used in a manner consistent therewith. However, if the Beneficiary is not receiving public assistance, nor has an application for such benefits been filed for the Beneficiary that requires that distributions from this Trust be restricted as stated herein, or if it is determined that it is not in the Beneficiary's best interest to apply for or to continue receiving such government assistance, then the Trustee, in the Trustee's sole and absolute discretion, may make distributions from the Trust, income or principal, so as to provide for the Beneficiary's needs including his health, education, maintenance, and support.

**Manner of Distributions.** Subject to the foregoing, the Trustee may make any distribution provided for by this Agreement, without the intervention of any parent, guardian, managing conservator, possessory conservator or other legal representative, in any of the following ways: (i) to the Beneficiary directly; (ii) to the Beneficiary's legal or natural guardian; (iii) to the Beneficiary's parents or managing or possessory conservator (or other legal representative); (iv) to any person having custody of or providing care to the Beneficiary; or (v) by utilizing the distribution directly for the Beneficiary's benefit. The Trustee shall not be responsible for any such distribution after it has been made in accordance with the foregoing provisions, and the receipt of the disbursement by the payee fully discharges the Trustee.

8

**Payment of Income Taxes and Expenses.** The Trustee shall pay any income tax liability of the Beneficiary which results from income received by the Trust. The funds used to pay this income tax liability shall be paid directly to the appropriate tax authority and shall not be available to the Beneficiary or be counted as a disqualifying financial resource against the Beneficiary. The Beneficiary shall not have any right to, or interest in, any of these funds paid by the Trustee. Further, these funds are not a resource of the Beneficiary and should not be treated as a distribution of income for purposes of Medical Assistance qualification or continuation.

### ARTICLE 8
### SPECIAL OR SUPPLEMENTAL NEEDS TRUST TERMINATION: PAYMENT AND DISTRIBUTIONS ON DEATH OF THE BENEFICIARY

**Termination.** The Trust shall terminate on the first to occur of: 1) exhaustion of corpus, 2) the Beneficiary has been determined by court order to no longer be a disabled or incapacitated person as defined by law so long as the Beneficiary has, at that time, at least attained the age of twenty-five (25) years; or 3) upon the death of the Beneficiary. At the time of termination, any remaining assets in this Trust shall be distributed as follows:

**Payment for Reimbursement & Expenses.** If applicable, and subject to the provisions below, the Trustee shall first reimburse those states where the Beneficiary has received Medical Assistance payments from the state, based on the state's proportionate share of the total amount of Medical Assistance benefits paid by all of the states on the Beneficiary's behalf, the smallest amount (if any) as applicable law then requires the Trust to pay. The Trustee's duty to reimburse the state upon termination shall apply only to the extent there are remaining assets in this Trust and shall apply irrespective of any other provision of this Trust and, for this purpose only, such states are designated as residuary beneficiaries of this Trust.

After the satisfaction of these obligations, if termination has occurred due to the Beneficiary's

9

death, the Trustee is authorized to pay any expenses of his last illness, funeral and burial costs, enforceable debts, and reasonable administration expenses.

**Distribution of Residue.** If any Trust assets remain after the satisfaction of the provisions above, the Trust principal and any undistributed income shall be paid to the Beneficiary if the beneficiary is living, or to the heir(s) or representative of the estate of the Beneficiary if the beneficiary is deceased; provided however, that this balance shall not be liable to creditors of the Beneficiary except to the extent provided herein.

**Authority to Secure Services.** It is recognized that the Trustee nor the Ad Litem are licensed nor skilled in the field of social sciences. The Trustee nor the Ad Litem shall bear no responsibility or liability for identifying or making any determination regarding the Beneficiary's receipt of or, qualification for, any public or private benefit program which may or may not be available for the Beneficiary. If applicable, the Trustee or Ad Litem may seek the counsel and assistance of any parent, legal guardian, or conservator of the Beneficiary, or others, including any private group or professionals or state and local agencies that are established to assist the disabled. The Trustee or Ad Litem may use available resources to assist in identifying programs that may be of social, financial, developmental, or other assistance to the Beneficiary upon request of the Beneficiary's parent(s), conservator, or legal guardian. The Trustee and the Ad Litem shall not in any event, however, be liable to the Beneficiary, or the remainder beneficiaries of the Trust, or to any other party, for acts undertaken as Trustee or Ad Litem in good faith regarding such assistance. The Trustee and Ad Litem shall not be liable for failure to identify all programs or resources that may be available to the Beneficiary because of the Beneficiary's disabilities, nor shall the Trustee r Ad Litem be liable for failing to apply for any public benefits that may be available to the

10

Beneficiary.

**Application to and Limitation on Use as Supplemental Needs Trust.** Provided, however, that these Articles 7 and 8 shall only apply if the Beneficiary is an incapacitated or disabled person as provided for and defined herein and by law and a determination has been made that it is in the Beneficiary's best interest to receive governmental assistance. If the Beneficiary is not an incapacitated or disabled person as provided for and defined herein, or if the Beneficiary regains his capacity or is no longer disabled according to law during the existence of the Trust, or if it is not in the Beneficiary's best interest to receive governmental assistance as provided for herein, then the Trustee shall administer the Trust in accordance with the all of the applicable provisions of this instrument and the Texas Trust Code.

**ARTICLE 9**
**POWERS OF THE TRUSTEE**

**Powers.** The situs of this Trust is Texas, and the Trustee may exercise all the powers awarded to Trustees in the Texas Trust Code, as amended, and subject to the limitations created in this Trust instrument. The terms and provisions of the Texas Trust Code shall apply to this Trust to the extent they are not in conflict with the terms of this instrument.

**ARTICLE 10**
**TRUSTEE'S SUCCESSION AND**
**ADMINISTRATIVE PROVISIONS**

**Succession.** The Trustee may be removed by the Court or may resign by receiving the permission of the Court. Upon such removal or resignation the Court shall appoint a successor trustee. If any corporate Trustee should, before or after qualification, change in name, be reorganized, merged or consolidated with another corporation, or assign its trust functions to another corporation, the resulting corporation which succeeds to this fiduciary business shall become a

11

Trustee hereunder, or be eligible for appointment as Trustee, as the case may be. Any successor Trustee shall have the authority vested in a Trustee by original appointment and subject to the terms herein.

**Administration.** Except as otherwise specifically provided herein, the Trustee shall invest the trust estate in accordance with the standards now or hereafter set forth in the Texas Trust Code, as amended (or any subsequent applicable law). The Trustee may also invest all or any part of the trust estate in one or more common trust funds or common mutual funds now or hereafter established by the Trustee, or an institution affiliated with the Trustee, when it is found by the Trustee to be prudent to do so. The Trustee may also acquire and hold unproductive property as part of the trust estate if the Trustee, in the Trustee's sole, reasonable discretion, determines such action to be in the best interest of the Beneficiary.

The Trustee may exercise all of the powers now or hereafter granted to trustees of express trusts by the Texas Trust Code or any corresponding statute, except in any instance in which the Texas Trust Code or such other statutory provision may conflict with the express provisions of this trust instrument, in which case the provisions of this trust instrument shall control.

The Trustee may adjust, arbitrate, compromise, abandon, sue on or defend, and otherwise deal with and settle all claims in favor of or against the Trust.

The Trustee shall allocate or apportion the revenues, receipts or proceeds of the Trust as to principal and income; and, allocate or apportion the charge of disbursements, expenses, depreciation, depletion, amortization, obsolescence, and similar or related charges and accruals or losses of the Trust as to principal or income, in accordance with the provisions of the Texas Trust Code. In the absence of any such provision in the Texas Trust Code, such allocation shall be made in accordance

12

with the provisions of the common law of trusts; provided that, in determining income the entire net proceeds of any annuity payment or any lump sum or periodic payment from any resource shall be allocated to principal regardless of the treatment of such payment for income tax purposes.

**Payment of Income Taxes and Expenses.** The Trustee shall pay any income tax liability of the Beneficiary which results from income received by the Trust. The funds used to pay this income tax liability shall be paid directly to the appropriate tax authority and shall not be available to the Beneficiary or be counted as a disqualifying financial resource against the Beneficiary.

The Trustee shall keep books of account respecting the Trust and all transactions involving the Trust, and shall furnish to the Beneficiary, or to the person having the care and custody of the Beneficiary if the Beneficiary is then under a legal disability, statements at least quarterly showing receipts and disbursements of income and corpus of the Trust, and a list of assets held in the Trust. The Trustee shall also furnish such statements to the Court upon the request of the Court.

The Trustee may hold trust property in the name of a nominee or ancillary trustee.

The term "education" shall include, but is not limited to, education and maintenance while attending preschool, grammar school, primary school, middle school, high school, college preparatory school, as well as undergraduate, graduate, post-graduate and vocational schools.

## ARTICLE 11
## REVOCATION

The Trust is irrevocable. Neither the Beneficiary nor a parent of the Beneficiary, conservator, or guardian, shall have any right or power to alter, amend, revoke, or terminate this Trust, or any of the terms of this Trust in whole or in part, or to designate the persons who shall possess or enjoy the Trust Estate.

13

## ARTICLE 12
## BOND AND EFFECTIVE DATE OF TRUST

**Bond.**   The Trustee shall not be required to give bond or other security for the faithful performance of the Trustee's duties under this Trust.

**Effective Date**.   This Trust shall be effective upon the last to occur of: 1) the entry of an Order modifying the Trust by the Court; 2) the execution of this Trust Instrument by the Trustee; and 3) the receipt by the Trustee of the trust estate.

**APPROVED, AGREED TO, and ACCEPTED** in multiple originals, any one of which shall be deemed an original for all purposes, but all of which together shall constitute but one and the same instrument, on this the ___27th___ day of _____March_____, 2003.


SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A., Successor Trustee of the MODIFIED TRUST AGREEMENT FOR THE ROLANDO RODRIGUEZ TRUST:

By: _Charmayne Moody_____   DATE: ___March 27, 2003___

Charmayne Moody, Vice President
(Printed Name & Title)


_____         _____
**HON. RICARDO M. ADOBBATI**                   **HON. DAVID KITHCART**
Attorney Ad Litem                                        Attorney for Texas State Bank
Law Offices of Ricardo M. Adobbati               Rountree & Kithcart
134 E. Price Road                                        222 E. Van Buren, Suite 101
Brownsville, Texas 78520                             Harlingen, Texas 78550
(956) 544-6882                                          (956) 440-1234

14

## **SCHEDULE A OF PROPERTY**

All funds and assets currently held on account or to be paid for the benefit of ROLANDO RODIGUEZ, JR..

## **SCHEDULE B OF PROPERTY**

Letter from Texas State Bank reflecting amounts currently held in Trust.

15



# SOUTHWEST GUARANTY
# COURT TRUST

a division of National Fiduciary Services, N.A.

March 26, 2003

Mr. Ricardo Adobbati                                    via fax to: 956-544-6883
Attorney at Law                                         and regular U.S. Mail
134 E. Price Road
Brownsville, TX  78521

Re:    Modified Special Needs and 871(H) Trusts—AGREED DISCOUNTED FEE SCHEDULE
       Southwest Guaranty Court Trust, a division of National Fiduciary Services,
       N.A. ("Southwest Guaranty"), as Successor Trustee to Texas State Bank

Dear Ricardo:

This letter sets forth the fee compromise to which Southwest Guaranty has agreed, representing a
discount from our regular court trust fee schedule, in order to accept the transfer (in bulk, if you will)
of the various court created either special needs or 871(H) trusts currently managed by Texas State
Bank ("TSB").

We have agreed as follows:

1.    For all accounts over $40,000 in market value, we will discount our regular fees from
      1.1% of the first million to a flat 1%, plus our usual $600/yearly annual administration
      expense;

2.    For all accounts under $40,000 in market value, a FLAT FEE of $500 (no annual
      administration charge to be assessed) will be charged.

3.    Our usual wire/check fee of $15 will apply to all accounts, regardless of market value.

4.    The newly modified Special Needs Trusts for U.S. citizens will require a yearly trust tax
      return (form 1041), which will be a pass through expense to each such trust, the cost of
      which is estimated at $125 per calendar year.

5.    The 871(H) (what we have referred to in our conversations as the "NRA" accounts, as all
      the beneficiaries live in Mexico) will require an NRA trust tax return, the pass through
      cost to each trust we estimate at $200 per calendar year.

I am unaware of any other charges that might apply, unless long distance charges for calls to Mexico
are charged to the trusts if they are over $2, as that is viewed as an "extraordinary" expense.  Should
you or the Court have any additional questions or require further explanations concerning the above,
please do not hesitate to call me.

                                        Sincerely,

                                        Charmayne Moody

                                        Charmayne Moody
                                        Vice President/Marketing

Cc:    Messrs. Will Terry & Don Robinson        c:marketing:adobbati-feeltr

10411 Westheimer ◆ Suite 200 ◆ Houston, TX 77042 ◆ (713) 334-9577 ◆ (800) 850-0802 ◆ Fax (713) 334-0559

☑001

# TEXAS STATE BANK



March 24, 2003

<u>Via Facsimile to (956) 544-6883</u>
Mr. Ricardo M. Adobbati
Attorney & Counselor at Law
134 E. Price Road
Brownsville, TX 78521

RE:     Mallory Accounts

Dear Mr. Adobbati:

As you requested, please find a list of the Mallory Trusts and the total market value of each as of March 24, 2003.

Should you have any questions do not hesitate to call (956) 365-6562.

Sincerely,

Lupita Rosales
1st Vice President & Trust Officer

LR/jh

Mallory Accounts

| Acct No | Account Name | Total Account Market Value |
|---------|--------------|---------------------------|
| 001230 | ESTHER CABALLERO TR | 67,873.56 |
| 001569 | BERTHA A CORTINAS TR | 41,052.20 |
| 001576 | ULISES F CORTINAS TR | 31,398.13 |
| 001792 | ELVIA P DE LA CRUZ | 67,283.74 |
| 003030 | SANTOS GARCIA JR TR | 54,695.03 |
| 003581 | MARGARITA HERNANDEZ | 71,701.54 |
| 005358 | VERONICA G LUCIO TR | 22,368.72 |
| 005447 | ARIEL B MALDONADO | 90,541.55 |
| 005472 | CLAUDIA F MARTINEZ | 68,126.65 |
| 005473 | JUAN M MARTINEZ TR | 103,866.93 |
| 005486 | JULIO I MARTINEZ TR | 83,332.84 |
| 005747 | JUAN A MIRELES JR TR | 88,152.47 |
| 005749 | OMAR MIRELES TRUST | 30,539.71 |
| 006749 | FATIMA M OVIEDO TR | 97,333.78 |
| 007028 | MARIA I PETRIZ TRUST | 58,687.44 |
| 007440 | LUIS C REYNUA TRUST | 73,210.39 |
| 007473 | JUAN A RIVAS TRUST | 112,687.42 |
| 007476 | MARISOL G RIVERA TR | 50,160.59 |
| 007524 | DEYANIRA Y ROCHA TR | 29,047.73 |
| 007541 | PATRICIA R RODRIGUEZ | 105,218.01 |
| 007547 | ROLANDO RODRIGUEZ J | 93,425.38 |
| 007702 | JULIA E SANCHEZ TR | 96,690.29 |
| 008510 | CLAUDIA K TREVINO | 72,188.11 |
| 009000 | RENATO M VELA TRUST | 77,164.51 |
| 009837 | FRANCISCO J ZAVALA | 9,768.40 |
| Grand Total(25) | | 1,696,515.12 |

03/24/2003

1