292

United States District Court
Southern District of Texas
ENTERED

APR - 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLANDO RODRIGUEZ, et al | § | CIVIL ACTION NO. B-91-185 |
| Plaintiffs | § | Consolidated with: |
| VS. | § | B-92-079 |
| | § | B-93-009 |
| MALLORY CAPACITOR COMPANY, et al | § | B-93-137 |
| Defendants | § | B-94-047 |

UNOPPOSED ORDER DISSOLVING TRUST ON BEHALF OF
OMAR MIRELES GONZALEZ

On the _28th_ day of _March_, 2003, came to be heard the Petitioner's Unopposed Motion to Dissolve Trust in the above entitled and numbered cause filed by OMAR MIRELES GONZALEZ. Petitioner appeared by and through his counsel of record, Ricardo M. Adobbati, Attorney ad Litem. Texas State Bank, the duly authorized and appointed trustee of the Section 142 trust established by this Court in the above entitled and numbered cause appeared by and through its counsel of record, Mr. David E. Kithcart, Roundtree & Kithcart, L.L.P. All issues of fact and law were submitted to the Court for decision through witness testimony, documentary evidence and argument.

Having reviewed the pleadings and other papers on file in this cause, and having considered the evidence presented at trial and arguments of counsel, the Court finds as follows:

1. The Court has jurisdiction and venue of this action.

2. All necessary parties to this action are properly before the Court and have been duly served with citation in the manner required by law, or have voluntarily entered a general appearance in this cause.

3. The TRUST AGREEMENT FOR OMAR MIRELES GONZALEZ dated June 27, 1995 is an irrevocable Trust created by Texas State Bank for the benefit of OMAR MIRELES GONZALEZ (the Primary Beneficiary).

4. The current Trustee of the Trust is Texas State Bank.

5. OMAR MIRELES GONZALEZ  is the sole person appointed Primary Beneficiary of his estate in the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Texas.

6. Section 112.054 of the Texas Trust Code provides that on petition of a beneficiary, a court may order that a trust be terminated if:

    a.        The purposes of the trust have been fulfilled or have become illegal or impossible to fulfill; or

    b.        Because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.

7. Petitioner has requested termination of the Trust because he believes it is in the best interest of the Primary Beneficiary to dissolve the trust. Beneficiary has become the age of eighteen years and able to handle his personal affairs.  Primary Beneficiary has further educated himself and provided sufficient evidence of his capability to handle his own monetary affairs.

8. The interests of the Primary Beneficiary would be best served by terminating the trust as his limited access to the funds has created a situation contrary to the intent of the trust, that is, that said funds be used for his maintenance and well being.

9. Texas State Bank has tendered an accounting of their actions as Trustee of the Trust ("Final Accounting"). The Final Accounting reflects the Trustee has administered the Trust in accordance with the requirements of the Trust and the Texas law.

10. The Final Accounting should be approved in all respects, and the trustee should be released and discharged from any and all liabilities arising out of, or in any way related to, the Trust or the Trust Termination.

11. The Trust should be terminated and the remaining Trust estate, after payment of all Trustee's fees, Court costs and expenses, and legal fees, be distributed to RICARDO M. ADOBBATI, Attorney ad litem and OMAR MIRELES GONZALEZ.

12. The Trustee should promptly liquidate all non-cash assets of the Trust, if any.

13. Although there may be unborn or unascertained contingent beneficiaries of the Trust, their interests are adequately represented in this proceeding by OMAR MIRELES GONZALEZ.

14. Pursuant to Section 114.064 of the Texas Trust Code, the Petitioner is entitled to recover reasonable and necessary attorney fees and litigation expenses from the Trust. Such amounts shall be paid by Primary Beneficiary from the corpus of the trust once dissolved.

It is, therefore, ORDERED, ADJUDGED  and DECREED that:

1.      The OMAR MIRELES GONZALEZ Trust is hereby terminated;

2.   That the termination shall be effective immediately upon the entry of this Final Judgment by the Court.

3.   The Trustee is directed to deliver the remaining trust estate, after payment of all Trustee's fees, Court costs and expenses and legal fees, to RICARDO M. ADOBBATI, Attorney ad litem and OMAR MIRELES GONZALEZ.

4.   The provisions of this Final Judgment shall constitute sufficient legal authority to all persons owing any money to the Trust, having custody of any property of the Trust, or acting as registrar or transfer agent for any property of the trust, for payment or transfer of such money, property or right, without liability, to OMAR MIRELES GONZALEZ.

5.   It is further ORDERED, ADJUDGED and DECREED that the Trustee shall promptly liquidate all non-cash assets of the Trust held in the Trustee's name and that the Trustee shall deliver all properties in its possession, after payment of all trustee's fees, court costs, expenses and legal fees as above set forth, to OMAR MIRELES GONZALEZ, as soon as reasonably possible after the entry of the Final Judgment.

6.   If requested to do so, the Trustee shall execute any other document reasonably necessary to effect the transfer to title or delivery of its interest as trustee in the properties of the Trust to OMAR MIRELES GONZALEZ.

7.   The Trustee shall further execute any necessary documentation to assure all future annuity payments currently paid on a monthly basis in the amount of $629.00 until July 31st, 2006 be issued to beneficiary directly.

8.   It is further ordered the final annuity payment of $50,000.00 to be issued on or about August 31st, 2006 shall be issued to "Omar Mireles and his Attorney Ricardo M. Adobbati" for investment pursuant to the terms set forth in the motion.

It is further ORDERED, ADJUDGED and DECEED that the Final Accounting submitted by the Trustee is hereby approved in all respects, and that the Trustee is released and discharged from any and all liabilities arising ort of, or in any way related to, the administration of the Trust, including its termination.

It is further ORDERED, ADJUDGED and DECREED that Ricardo M. Adobbati is entitled to recover reasonable attorney fees and court costs from the Trust in the amount of **$5000.00** pursuant to Section 114.064 of the Texas Trust Code, and that these fees shall be paid by Beneficiary OMAR MIRELES GONZALEZ from the corpus once delivered to Ricardo M. Adobbati, in trust.

It is further ORDERED, ADJUDGED and DECEED that all filing fees and court costs in this cause are hereby taxed against the Trust, for which let execution issue if not timely paid.

All relief requested and not expressly granted herein is denied.

SIGNED this 28ᵗʰ day of _March_, 2003.

_____
UNITED STATED DISTRICT JUDGE


APPROVED AS TO FORM AND CONTENT:

ROUNDTREE & KITHCART, L.L.P.
222 E. Van Buren, Suite 101
P. O. Box 2447
Harlingen, Texas 78551-2447
Telephone No. (956) 440-1234
Telefax No.: (956) 440-1235

By: _____
    Hon. David E. Kithcart
    State Bar No. 11541300
    Fed. I.D. #1087
    Attorney for the Texas State Bank


LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas 78521
Telephone No. (956) 544-6882
Facsimile No. (956) 544-6883


_____
Ricardo M. Adobbati
USDC Adm No. 18158
State Bar No. 00790208
Attorney for OMAR MIRELES GONZALEZ