United States District Court
Southern District of Texas
ENTERED

APR - 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk ____

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE COURT-CREATED TRUST | § | CIVIL ACTION NO. B-91-185 |
| | § | CONSOLIDATED WITH: |
| | § | B-92-079 |
| FOR THE BENEFIT OF | § | B-93-009 |
| | § | B-93-137 |
| VERONICA GRACIA LUCIO | § | B-94-047 |

## ORDER APPOINTING SUCCESSOR TRUST AND MODIFYING TRUST

On this day the Court considered the Application for Appointment of Successor Trustee and to

Modify Trust (the "Application") filed in this cause by RICARDO ADOBBATI Attorney Ad Litem

herein and TEXAS STATE BANK (hereinafter "Applicants" and "Trustee" respectively), Trustee of

the VERONICA GRACIA LUCIO TRUST (the "Trust") created by this Court by its Order dated

June 27, 1995 for the benefit of VERONICA GRACIA LUCIO ("Beneficiary"), pursuant to the

provisions of the Trust and the Texas Property Code. Based upon the Application, the evidence

presented, and the argument of counsel, the Court finds that:

1.  By Order dated June 27, 1995, (the "Creation Order"), this Court created a trust (the "Trust")

for the benefit of Beneficiary pursuant to the Court's Order and the provisions of the Texas Property

Code; the Creation Order named Texas State Bank as the trustee of the Trust; and the Trust is

governed by the terms of the trust instrument as previously filed in this cause;

2.  The Court finds that it would be in the best interests of Beneficiary, who is an incapacitated

and/or disabled person as defined by law, for the Trust to be modified so as to qualify the Trust as a

"special needs trust" under 42 U.S.C. Section 1396p(d)(4)(A), and Texas Property Code Section

142.005(g), and that the trust instrument governing the Trust should be modified so that it contain

the provisions necessary to make it such a qualifying trust; and that this modification of the Trust

will allow Beneficiary to apply for and receive government benefits and assistance which could

otherwise be denied to Beneficiary because the Trust as currently written does not qualify as a

"special needs trust";

3.  In 1997, the Texas Legislature enacted SB 912 (Acts, 75th Legislature, Regular Session,

Chapter 128), which added subparagraph (g) to Section 142.005 of the Texas Property Code, which

reads as follows:

> *(g)  Notwithstanding any other provision of this chapter, if the court finds that it would*
>
> *be in the best interests of the minor or incapacitated person for whom a trust is created*
>
> *under this section, the trust may contain provisions determined by the court to be necessary*
>
> *to establish a special needs trust as specified under 42 U.S.C. Section 1396p(d)(4)(A);*

4.  This Court should modify and amend the existing Trust in accordance with the provisions of

the trust instrument filed herein and identified as Exhibit "A" being the MODIFIED TRUST

AGREEMENT FOR THE VERONICA GRACIA LUCIO TRUST; and

5.  Trustee requested that this Court allow Trustee to resign as Trustee of the Trust and Applicant

through the Attorney Ad Litem requested that the Court appoint SOUTHWEST GUARANTY

COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A. ("Successor

Trustee") to act as Successor Trustee of the Trust.

6.  Trustee has tendered an accounting of its actions as Trustee of the Trust ("Final Accounting")

from the date of its inception through March 21st, 2003. The Final Accounting reflects the Trustee

has administered the trust in accordance with the requirements of the Trust and Texas law.

7.  The Final Accounting should be approved in all respects, and the Trustee should be released

and discharged from any and all claims and liabilities arising out of, or in any way related to, the

Trust and the administration of the Trust Assets.

8.  Applicants, Current Trustee and Successor Trustee further request the Ad Litem continue in his involvement with this matter should the need arise. More specifically, the beneficiary and the guardians in this matter are not fluent in the English language, although successor trustee has, or may have, Spanish-speaking agents, discussions regarding future activity, disputes and misunderstandings may arise. It is the intent of this request to involve the ad litem in any such issues in order to attempt to resolve the matter at hand. Any costs incurred with regard to same shall be paid by the Trust corpus at a reasonable hourly rate. Should the resolution involve more than one Trust, each Trust shall incur said costs pro rata.

7.  The Court further agrees satisfactory services and representation have been provided by the Ad Litem and Attorney for current Trustee in determining the proper manner and method with which to modify the Trust and appoint a proper successor guardian. Such services should be paid out of the corpus of the trust as further outlined below.

IT IS THEREFORE ORDERED THAT:

1.  Applicant's and Trustee's request is hereby granted and that the Trust created by this Court on June 27, 1995, for the benefit of VERONICA GRACIA LUCIO is amended and modified in accordance with the provisions of the trust instrument filed herein and identified as Exhibit "A" being the MODIFIED TRUST AGREEMENT FOR THE VERONICA GRACIA LUCIO TRUST;

2.  That TEXAS STATE BANK's resignation as Trustee of the Trust is hereby approved and accepted by the Court, effective immediately; and SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A., is hereby appointed to serve as Successor Trustee;

3.  Trustee has tendered an accounting of its actions as Trustee of the Trust ("Final Accounting") from the date of its inception through March 21st, 2003. The Final Accounting reflects the Trustee has administered the trust in accordance with the requirements of the Trust and Texas law.

4.  The Final Accounting should be approved in all respects, and the Trustee should be released and discharged from any and all claims and liabilities arising out of, or in any way related to, the Trust and the administration of the Trust Assets.

5.    Texas State Bank is directed to deliver all Trust assets to Successor Trustee. After delivery of same, Successor Trustee shall provide written verification of receipt to Texas State Bank acknowledging receipt of said assets.

6.    That Attorney David Kithcart as attorney for Texas State Bank is awarded **$108.70** in attorney's fees for services in this matter.

7.    That Attorney Ad Litem, Ricardo M. Adobbati remain as ad litem and continue with his involvement in this matter, should the need arise, as the beneficiary and the guardians in this matter are not fluent in the English language. Although Successor Trustee has, or may have, Spanish-speaking agents, discussions regarding future activity, disputes and misunderstandings may arise. It is the intent of this request to involve the ad litem in any such issues in order to attempt to resolve the matter at hand. Any costs incurred with this regard to same shall be paid by the Trust corpus at a reasonable hourly rate and evidenced by an invoice to be provided to the Trustee on a monthly basis, as applicable.

8.    That Attorney Ad Litem, Ricardo M. Adobbati be awarded **$2,608.70** in attorney's fees for services rendered to date in this matter. He shall also be awarded **$161.01** in expenses incurred in this matter.

9.    That Attorney Ad Litem, Ricardo M. Adobbati receive the sum of **Fifty-Seven and 40/100 ($57.40) Dollars** to be held in Trust for payment of services rendered by Deborah Green, of Green and McCullar, Attorney retained by Ricardo M. Adobbati to review and draft the trust documentation made the basis of this modification.

Signed this 28th day of March , 2003.

Filemon B. Vela
United States District Judge