IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR - 2 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| IN RE COURT-CREATED TRUST | § | CIVIL ACTION NO. B-91-185 |
| | § | CONSOLIDATED WITH: |
| | § | B-92-079 |
| FOR THE BENEFIT OF | § | B-93-009 |
| | § | B-93-137 |
| RENATO MORENO VELA | § | B-94-047 |

## ORDER APPOINTING SUCCESSOR TRUST AND MODIFYING 871(H) TRUST

On this day the Court considered the <u>Application for Appointment of Successor Trustee and to Modify Trust</u> (the "Application") filed in this cause by RICARDO ADOBBATI, Attorney Ad Litem herein and TEXAS STATE BANK (hereinafter "Applicants" and "Trustee" respectively), Trustee of the RENATO MORENO VELA TRUST (the "Trust") created by this Court by its Order dated June 27, 1995 for the benefit of RENATO MORENO VELA ("Beneficiary"), pursuant to the provisions of the Trust and the Texas Property Code. Based upon the Application, the evidence presented, and the argument of counsel, the Court finds that:

1.     By Order dated June 27, 1995, (the "Creation Order"), this Court created a trust (the "Trust") for the benefit of Beneficiary pursuant to the Court's Order and the provisions of the Texas Property Code; the Creation Order named Texas State Bank as the trustee of the Trust; and the Trust is governed by the terms of the trust instrument as previously filed in this cause;

2.     The Court finds that Applicant is Mexican Citizen residing in Mexico. When the original Trust was created, Beneficiary was place under the same limitations as other individuals within the same matter who were United States Citizens. Such Trust place limitations on the use of said funds when such use was an expense generally subject to government disability benefits. Such limitations

were inappropriate as to this applicant as Beneficiary is not subject to such benefits or governmental assistance by virtue of his citizenship and place of residence. The Court finds it is in the best interest of the Beneficiary to modify the trust to allow for full use of the trust corpus as long as it is for the benefit, health and well being of Beneficiary and pursuant to the limitations placed in the Modified Trust.

3. This Court should modify and amend the existing Trust in accordance with the provisions of the trust instrument filed herein and identified as Exhibit "A" being the MODIFIED TRUST AGREEMENT FOR THE RENATO MORENO VELA TRUST; and

4. Trustee requested that this Court allow Trustee to resign as Trustee of the Trust and Applicant through the Attorney Ad Litem requested that the Court appoint SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A. ("Successor Trustee") to act as Successor Trustee of the Trust.

5. Trustee has tendered an accounting of its actions as Trustee of the Trust ("Final Accounting") from the date of its inception through March 21st, 2003. The Final Accounting reflects the Trustee has administered the trust in accordance with the requirements of the Trust and Texas law.

6. The Final Accounting should be approved in all respects, and the Trustee should be released and discharged from any and all claims and liabilities arising out of, or in any way related to, the Trust and the administration of the Trust Assets.

7. Applicants, Current Trustee and Successor Trustee further request the Ad Litem continue in his involvement with this matter should the need arise. More specifically, the beneficiary and the guardians in this matter are not fluent in the English language, although successor trustee has, or may have, Spanish-speaking agents, discussions regarding future activity, disputes and

misunderstandings may arise. It is the intent of this request to involve the ad litem in any such issues in order to attempt to resolve the matter at hand. Any costs incurred with regard to same shall be paid by the Trust corpus at a reasonable hourly rate. Should the resolution involve more than one Trust, each Trust shall incur said costs pro rata.

8. The Court further agrees satisfactory services and representation have been provided by the Ad Litem and Attorney for current Trustee in determining the proper manner and method with which to modify the Trust and appoint a proper successor guardian. Such services should be paid out of the corpus of the trust as further outlined below.

IT IS THEREFORE ORDERED THAT:

1. Applicant's and Trustee's request is hereby granted and that the Trust created by this Court on June 27, 1995, for the benefit of RENATO MORENO VELA is amended and modified in accordance with the provisions of the trust instrument filed herein and identified as Exhibit "A" being the MODIFIED TRUST AGREEMENT FOR THE RENATO MORENO VELA TRUST;

2. That TEXAS STATE BANK's resignation as Trustee of the Trust is hereby approved and accepted by the Court, effective immediately; and SOUTHWEST GUARANTY COURT TRUST, A DIVISION OF NATIONAL FIDUCIARY SERVICES, N.A., is hereby appointed to serve as Successor Trustee;

3. Trustee has tendered an accounting of its actions as Trustee of the Trust ("Final Accounting") from the date of its inception through March 21st, 2003. The Final Accounting reflects the Trustee has administered the trust in accordance with the requirements of the Trust and Texas law.

4. The Final Accounting should be approved in all respects, and the Trustee should be released and discharged from any and all claims and liabilities arising out of, or in any way related to, the Trust and the administration of the Trust Assets.

5. Texas State Bank is directed to deliver all Trust assets to Successor Trustee. After delivery of same, Successor Trustee shall provide written verification of receipt to Texas State Bank acknowledging receipt of said assets.

6. That Attorney David Kithcart as attorney for Texas State Bank be awarded **$108.70** in attorney's fees for services in this matter.

7. That Attorney Ad Litem, Ricardo M. Adobbati remain as ad litem in this continue with his involvement with this matter should the need arise as the beneficiary and the guardians in this matter are not fluent in the English language. Although successor trustee

has, or may have, Spanish-speaking agents, discussions regarding future activity, disputes and misunderstandings may arise. It is the intent of this request to involve the ad litem in any such issues in order to attempt to resolve the matter at hand. Any costs incurred with regard to same shall be paid by the Trust corpus at a reasonable hourly rate and evidenced by an invoice to be provided to the Trustee on a monthly basis, as applicable.

8. That Attorney Ad Litem Ricardo M. Adobbati be awarded **$2,608.70** in attorney's fees for services rendered to date in this matter. He shall further be awarded **$161.01** for expenses incurred in this matter.

9. That Attorney Ad Litem, Ricardo M. Adobbati receive the sum of **Fifty-Seven and 40/100 ($57.40) Dollars** to be held in Trust for payment of services rendered by Deborah Green, of Green and McCullar, Attorney retained by Ricardo M. Adobbati to review and draft the trust documentation made the basis of this modification.

Signed this 28th day of March, 2003.

                                                      **FILEMON B. VELA**
                                                    UNITED STATES DISTRICT JUDGE