United States District Court
Southern District of Texas
FILED

OCT 23 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLANDO RODRIGUEZ, et al | § | CIVIL ACTION NO. B-91-185 |
| Plaintiffs | § | Consolidated with: |
| VS. | § | B-92-079 |
| | § | B-93-009 |
| MALLORY CAPACITOR COMPANY, | § | B-93-137 |
| Et al Defendants | § | B-94-047 |

## UNOPPOSED MOTION TO DISSOLVE TRUST

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **LUIS CARLOS REYNUA IBARRA** Beneficiary (hereinafter referred to as Petitioner), by and through his attorney ad litem Ricardo M. Adobbati and file this Motion to Dissolve a Special Needs Trust and in support thereof would respectfully show the following:

1.

### PARTIES

1.01    All necessary parties to this action are properly before the Court and have been duly served with citation in the manner required by law, or have voluntarily entered a general appearance in this cause.

2.

### FACTS

2.01    On or about June 27, 1995, this Honorable Court approved a Special Needs Trust on behalf of several plaintiffs as a result of personal injuries received while the parent of the petitioner was employed as a factory worker in Matamoros, Mexico. This Court ordered a Special Needs Trust be created in favor of Petitioner as well as several other individuals in order to administer settlement proceeds obtained regarding the above referenced cause of action as a

1

result of a perceived disability by beneficiary. Please see *Exhibit A* attached hereto. Special Needs Trusts allow funds to be placed in the name of the beneficiary, however, those sums can only be distributed for specific reasons such as his or her welfare or benefit. Subsequent to such resolution, the Honorable Filemon Vela appointed Ricardo M. Adobbati as ad litem in this matter to determine which beneficiaries required a Special Needs Trust. This honorable court dissolved those trusts which were not necessary as the minors had become emancipated and further, did not suffer from incapacities requiring a Special Needs Trust. The remaining beneficiaries whom did suffer from a mental incapacity to handle their own affairs, such as the petitioner, remained with the trust limitations regardless of the citizenship of the ability to obtain government benefits. As will be shown below, the current beneficiaries such as the petitioner are impaired by the limitations of the trust.

2.02. Texas Property Code § 112.054 provides that on petition of a beneficiary, a court may order that a trust be modified or terminated if:

(1)   the purpose of the trust have been fulfilled or have become illegal or impossible to fulfill; or

(2)   because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment or the purposes of the trust.

Texas Property Code §112.054 (a).

2.03   In this case, the above requirements have been met.  The current Trustee of the Trust is EncoreTrust.  Petitioner and Ad Litem respectfully request termination of the Trust as it would be in the best interests of the Primary Beneficiary to convert his Trust into an annuity as **LUIS CARLOS REYNUA IBARRA** is a Mexican citizen residing in Matamoros, Mexico. He

has never resided in the United States nor will he reside in this country. Further, he does not have the ability to benefit from those offerings from the Social Security Administration such as Medicaid and Medicare. However, due to the terms of the trust, he is limited in his ability to withdraw funds for his well being in order to avoid the income limitations imposed by the Social Security Administration. For this reason, Petitioner respectfully requests termination of the trust in order to obtain the monies necessary to aid in the payment of his health and legitimate needs.

2.04   Due to the limitations of the trust, he is not allowed to withdraw funds for his well being based on the fact that the trust disallows payments for any expenses or benefits available through Social Security. For this reason, Primary Petitioner respectfully requests termination of the trust in order to obtain the monies necessary to aid in the payment of his health and legitimate needs – expenses disallowed by virtue of the limitations of a special needs trust. Parties are requesting the sums be placed in an annuity for payment. Such sums shall be protected from abuse as the beneficiary as well as family members are aware the sums will be a fixed amount per month to be used solely for the health, care, and benefit of the beneficiary. As evidenced by the affidavit attached hereto as *Exhibit B,* the parties are aware of the ramifications of dissolving the trust as well as the limitations placed on them for receiving and using the funds and the annuity.

2.05   Furthermore, Primary petitioner's father and previous guardian is now deceased and his sibling **SYLVIA ALVARADO** has requested to be appointed as successor guardian. Luis Carlos Reynua Ibarra is unable to maintain and handle his own finances.

2.06 Attached hereto as *Exhibit C* is the latest statement indicating the sums available in the trust. After deduction of attorney's fees and expenses for immediate use to pay expenses and debts incurred, the remainder of the corpus shall be invested in a conservative annuity that will

assure he receives monthly payments from said investments on a monthly basis for at least 5 years after the initiation of said annuity. Based on the affidavit of the guardian of the beneficiary, the sum of $500.00 per month shall be sufficient to cover expenses for the care of the beneficiary.

3.

### FINAL ACCOUNTING

3.01   EncoreTrust Trustee of the Trust, has tendered an accounting of all actions taken by Trustee from the inception of the Trust through September 30, 2006 ("the Final Accounting"). Petitioner and Trustee request the Court to approve the Final Accounting and to release and discharge the Trustee from any and all claims and liability related to the Trust and the administration of the Trust assets.

4.

### ATTORNEY'S FEES

4.01   As a result of the dissolution of such trust, petitioner has found it necessary to retain counsel and hereby seeks recovery of reasonable attorney's fees as allowed by Texas Civil Practice and Remedies Code §38.001. Petitioner has entered into an agreement for the payment of attorney's fees from the corpus of the trust. Such fees will be deducted upon dissolution of the trust and upon approval by the court.

5.

### DISBURSEMENT OF FUNDS

5.01   Petitioner hereby requests after approval by this honorable court that the above sums be released by EncoreTrust to the trust account of the ad litem (IOLTA) in order to have

said sums available for placement in an annuity after applicants have had an opportunity to meet with the appropriate agents and open such an account.

6.

**PRAYER**

6.01   WHEREFORE, PREMISES CONSIDERED, Petitioner requests that this court grant the termination of the trust and order a final accounting of the trust and after payment of all Trustee's fees, court costs and expenses, legal fees, said monies be distributed to **RICARDO M. ADOBBATI** as attorney ad litem, in trust, and **SYLVIA AIDE ALVARADO** as representative of **LUIS CARLOS REYNUA IBARRA** and for such other and further relief, to which petitioner and primary petitioner may show themselves justly entitled to receive.

Signed on this the 23 day of Oct, 2006.

Respectfully submitted,

LAW OFFICES OF RICARDO M. AD0BBATI

By:_____
Ricardo M. Adobbati
State Bar No. 00790208
USDC Adm No. 18158

ATTORNEY FOR PETITIONER

134 E. Price Road
Brownsville, Texas 78521
Telephone: (956) 544-6882
Facsimile:  (956) 544-6883

## **CERTIFICATE OF CONFERENCE**

I, Ricardo M. Adobbati, attorney for plaintiff conferred with Charmayne Moody, authorized representative for Trustee, Encore Trust on this 23 day of Oct, 2006 and she has informed me she is not opposed to the filing of this motion.

_____
Ricardo M. Adobbati