IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 27 1995

Michael N. Milby, Clerk

| | |
|---|---|
| ROLANDO RODRIGUEZ, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. B-91-185 |
| vs. ) | Consolidated with: |
| ) | B-92-079 |
| MALLORY CAPACITOR COMPANY, ) | B-93-009 |
| et al. ) | B-93-137 |
| ) | B-94-047 |
| Defendants. ) | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
RECEIVED

JUN 30 1995

MICHAEL N. MILBY, CLERK

### TRUST AGREEMENT

WHEREAS, on or about the 27th day of June, 1995, funds in the total amount of TEN THOUSAND and NO/100 DOLLARS ($10,000.00) were ordered paid into the trust created herein for the benefit of REYNALDO SANCHEZ DE LA FUENTE, an incapacitated adult.

WHEREAS, pursuant to the Judgement in the above-styled case, this trust is entitled to future payments which, during the term of this Agreement, shall be paid to Texas State Bank, Trustee, to be held, managed administered and distributed in accordance with the provisions hereof. Such initial payment, along with the future payments to be made during the term of this Agreement, shall be referred to as the "Property".

ACCORDINGLY, the Property, and any additional property hereafter transferred to the REYNALDO SANCHEZ DE LA FUENTE Trust shall be held, managed, administered, and distributed as hereinafter provided.

### ARTICLE I
### TRUST ESTATE

1.1 The term "Trust" shall mean the REYNALDO SANCHEZ DE LA FUENTE Trust, as established by Decree of the Court in Cause No. B-91-185 and as may be amended by the Court hereafter, and the Property, assets and funds as shall be held by the Trustee from

1

*"EXHIBIT A"*

time to time hereunder. Such Property, and all property hereafter subject to this Trust, shall constitute the Trust Estate, and shall be held, managed, administered, and distributed by Trustee as hereinafter provided. Furthermore, the term "Court" shall mean the United States District Court for the Southern District of Texas, Brownsville Division.

    1.2 The sole beneficiary of the Trust shall be REYNALDO SANCHEZ DE LA FUENTE (the "Beneficiary"), born on the 11th day of September, 1975, who currently is an "incapacitated person" who was represented by A. C. NELSON as Guardian Ad Litem.

    1.3 The Trustee shall be Texas State Bank, Trustee, of McAllen, Texas. Unless another meaning is clearly indicated or required by context or circumstances, references herein to the "Trustee" are to Texas State Bank. However, the term "Trustee" shall also mean and include any and all Substitute or Successor Trustees. No Trustee of any Trust created herein shall be required to give bond or other security for the faithful performance of duties hereunder.

    1.4 The Trust established shall be governed under the Texas Trust Code, and all amendments thereto, shall prevail over any other law and the Trust shall continue in force and effect until terminated or revoked by the Court as provided hereunder, notwithstanding any appointment of a guardian of the estate of the Beneficiary.

## Article II
### DURATION OF TRUST

    2.1 This Trust may be amended, altered, revoked, or terminated, in whole or in part, or any provision hereof, by the Court, by appropriate order entered of record and delivered to Trustee, at any time before its termination; provided, however, that the Trust may not be amended to change the obligations,

duties, or rights of the Trustee without the written consent of the Trustee to such amendment. Furthermore, this Trust may not be amended, altered, revoked or terminated by the Beneficiary or a guardian of Beneficiary's Estate.

2.2 If the entire Trust is revoked by the Court before its termination, the Trustee shall pay or transfer into the Registry of the Court or to another Trustee all of the Trust Estate and shall execute and deliver to the Court all instruments which are necessary or appropriate to release all interest of the Trustee in the Trust Estate. Thereafter, the proceeds shall be disposed of as ordered by the Court.

2.3 Since Beneficiary has been determined by the Court to be an incapacitated person, this Trust shall terminate upon the death of the Beneficiary or at such time as the Court determines the Beneficiary has regained capacity. If the trust is terminated during the life of Beneficiary, then after payment of all proper and necessary expenses, the Trust corpus and any undistributed income shall be delivered to the Beneficiary. Upon Beneficiary's death, unless the Trust has previously been terminated, the Trustee shall deliver the then existing Trust corpus and any undistributed income to the duly qualified personal representative of the Beneficiary's Estate.

## ARTICLE III

## DISTRIBUTIONS

3.1 The Trustee may in the Trustee's uncontrolled discretion distribute income or resources to the beneficiary. This trust is to be administered not as a basic support trust, but rather as a discretionary trust. This trust shall not be available to REYNALDO SANCHEZ DE LA FUENTE unless all benefits and services have first been fully exploited from all federal, state, local governments, quasistatals and charities. REYNALDO SANCHEZ DE LA FUENTE may be

eligible for these benefits and services as a result of handicap, poverty, disability or incompetence. The purpose of this trust is to provide supplemental care, maintenance and support for REYNALDO SANCHEZ DE LA FUENTE in addition to such benefits or services. The interest in this trust shall not be alienated to anyone including any federal, state or local governmental entity. The disbursements shall not be in a form usable for food, clothing, shelter, medical services or equipment provided by Medicaid.

3.2 Distributions, payments, uses, and applications of all trust funds may be made to the legal or natural guardian of the Beneficiary or to the person having custody of the Beneficiary, or may be made directly to or expended for the benefit as herein described of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Also, the Trustee may pay any income tax liability if any incurred by or otherwise owed by Beneficiary, including income attributable to this Trust, and any other expenses or items which Trustee determines appropriate, based upon the above standards. If the Beneficiary should die during the term of this Trust, Trustee shall pay the expenses of the funeral and burial costs of the Beneficiary.

3.3 Trustee shall accumulate and add to principal at the end of the year any net income of the Trust not paid out in accordance with the discretion conferred on Trustee.

3.4 Neither the corpus nor the income of the Trust shall be liable for the debts of Beneficiary, nor shall the same be subject to seizure by any claimant against the Beneficiary, under any event or proceeding of any character, in law or in equity, and Beneficiary shall not have the power to sell, transfer, assign, convey, encumber or in any manner anticipate or dispose of his interest, under or by reason of this Trust. Except as is

specifically provided hereunder, no payment of money or delivery of property from the Trust shall be made to any person or party other than the Beneficiary or Beneficiary's guardian entitled thereto by virtue of the provisions hereof, even though Beneficiary may have given orders or instructions for delivery to such person or party.

3.5 No distributions shall be made from the Trust to the Beneficiary to satisfy any obligation if such obligation would otherwise be paid by any federal or state assistance program if the Trust had not been created.

## ARTICLE IV
## CONCERNING THE TRUSTEE AND MISCELLANEOUS PROVISIONS

4.1 Trustee shall not be responsible or liable for any loss or depreciation in value of the properties of the Trust Estate, unless such loss or depreciation is due to the Trustee's gross negligence, bad faith or fraud. Trustee shall not be accountable or held liable for any act or omission of any agent of Trustee if Trustee has exercised good faith and reasonable diligence in the selection of such person, and in such event, any liabilities to the Trust Estate shall be solely that of such selected person.

4.2 Trustee shall receive as compensation for services rendered in such capacity such fees as have been agreed to for such services, which fees shall not exceed the Trustee's normal fee schedule in effect at the time of the charge, unless such additional cost is first approved by the Court. A copy of Trustee's current fee agreement is attached hereto as Schedule A. Trustee acting hereunder shall be entitled to reimbursement from this Trust Estate for all expenses paid personally by Trustee including, but not limited to, compensation to agents and fees for professional services incurred in the administration of the Trust.

4.3 The revenues, receipts, proceeds, disbursements, expenses, accruals and losses of the Trust shall be allocated or apportioned between corpus and income of such Trust, in the discretion of Trustee, and the determination by Trustee need not necessarily be in accordance with the provisions of the Texas Trust Code, which Code shall control only if such discretion is not exercised by Trustee.

4.4 Trustee shall keep full, complete and accurate records of the administration of the Trust and all transactions pertaining thereto; and, at least once each year, at such time as Trustee shall elect, Trustee shall prepare and furnish to the Court a statement showing how the funds of the Trust are invested, and all transactions relating to such Trust, including all receipts and disbursements, which have occurred subsequent to the last preceding statement. The Trustee may supply a copy of all such statements to the next friend, guardian ad litem or any legal guardian of Beneficiary. Any person entitled to receive such statement shall have the right, at his or her own expense, to procure or make an independent audit of the Trust.

4.5 This Trust is established pursuant to order of the Court, and Trustee shall not be responsible or liable to the Beneficiary or any other person on account of any actions that the Trustee may take (or elect to forego taking) in Trustee's good faith reliance on any order or proceeding of the Court.

4.6 If the Trustee of the Trust created under this Trust Agreement should, before or after qualification, change its name, be reorganized, merged or consolidated, with, or acquired by any other corporation, or be converted into or assign its trust functions to a different type of entity, the resulting entity shall be deemed a continuation of the former one and shall continue to

act as Trustee of such Trust or continue to be eligible to become a Trustee of such Trust, as the case may be.

## ARTICLE V
### POWER OF TRUSTEE

5.1  In the administration of this Trust, the Trustee shall be under all of the duties and shall have all of the powers conferred upon trustees by the Texas Trust Code, and by any amendments to the Texas Trust Code subsequent to the date hereof, except for any instance in which the Texas Trust Code may conflict with the express provisions of this Trust, in which instance, the provisions hereof shall control.  Without intending to limit the powers hereinabove granted, but in addition thereto, Trustee is also specifically authorized as to this Trust:

> (a)  To hold, manage, control, collect and use (including the power to hold any property unproductive of income) the Trust Estate in accordance with the terms of this instrument.

> (b)  To sell (for cash or on credit or both), exchange, or otherwise dispose of, all or any part of the Trust Estate, publicly or privately, or to lease including, but not limited to, the making of oil, gas and/or mineral leases), rent, loan, mortgage, pledge, or otherwise encumber the whole or any part of the Trust Estate, or to lean or borrow money in an manner, with or without security.  All privileges and powers set forth in this instrument may be exercised upon such terms regardless of the duration of the Trust, as the Trustee may deem advisable unless the contrary is expressly stated.  The vendees, mortgagees, lessees, pledgees, or other transferees from the Trustee shall not be required to look to the application of the monies or proceeds paid in accordance with the terms of this Trust, but the payments of such monies or proceeds to the Trustee shall release such vendees, mortgagees, lessees, pledgees, or other transferees, from all further liability.

(c) To invest, reinvest, pay, expend or otherwise apply the Trust Estate for any purpose, in any manner and in property of any description whatsoever (including, but not limited to, common stock, shares in "open-end" investment funds, unsecured obligations, non-income producing and wasting property, and property outside of Texas), temporarily or permanently, and to make and/or hold investments of any part of the Trust Estate in common or undivided interest with any other person or entities, including property which the Trustee may hold in a common trust fund.  Such investment powers may be exercised without regard to any requirement of diversification as to the kind or amount.  The Trustee may commence or continue operation of any business entity, partnership or otherwise, with any part or all of the Trust Estate and may incorporate or liquidate such entity.  The Trustee may invest trust funds in cash accounts, money market accounts, certificates of deposit or similar accounts, including such accounts as may be offered or maintained by Trustee.

(d) To institute, join in, maintain, defend, compromise, submit to arbitration, or settle any claim or controversy by or against the Trust, regardless of the manner in which such matter has risen, all in the name of the Trustee and without the joinder or consent of the Beneficiary.

(e) To employ such attorneys, counsel, brokers, banks, investment counsel or other agents or employees and to delegate to them such of the duties, rights and powers of the Trustee (including the power to vote shares of stock) as the Trustee may deem advisable in handling and administering the Trust.

(f) To partition any property or interest or any part thereof (including, but not limited to, property held in common or jointly by the Trustee as part of the Trust Estate) with any other person or entity, and in any and all such partitions, in order to equalize differences, pay out of the Trust Estate, or receive, such monies or properties as may be necessary or advisable for that purpose.

(g) To make any distribution of the Trust Estate, or any part thereof, in cash or in any property, or both, or in undivided interest in any property, or in any manner whatsoever which may then be deemed practicable by the Trustee.

(h) The instrument shall always be construed in favor of the validity of any act or omission by or of the Trustee and the Trustee is also authorized to exercise all the rights, powers, options, and privileges now or hereafter granted to, provided for or vested in trustees under the Texas Trust Code, and insofar as is possible, no subsequent legislation or regulation shall be in limitation of the rights, powers or privileges granted in this Trust or in said Texas Trust Code as it exists at the time of the making of this Trust. Generally, and without being limited by the foregoing, the Trustee shall hold, manage, control, use, invest and reinvest, and dispose of the Trust Estate in the sole discretion of the Trustee in all things and under all circumstances, and to the same extent as if the Trustee were the owner thereof in fee simple, and all rights privileges, and powers given the Trustee may be exercised without application to any court.

5.2 The Trustee may at any time resign upon giving to the Court thirty (30) days advance written notice to the Court and the Beneficiary. Thirty (30) days after such notice, the Trustee shall deposit the then existing corpus and undistributed income of the Trust into the Registry of the Court or with another Trustee, as the Court may direct, and the Trustee thereupon shall be discharged from this Trust without the necessity of any further order of the Court, and shall be released, discharged and acquitted from any further responsibility or obligation concerning the Trust.

5.3 Any Successor Trustee is relieved of any duty to examine the acts of any prior Trustee.

# ARTICLE VI

## MISCELLANEOUS PROVISIONS

6.1  This Trust shall be governed by the laws of the State of Texas.

6.2  Where context and circumstances require, the gender of all words used in this Trust shall include the masculine, feminine and neuter, and the singular of all words shall include the plural and the plural the singular.

6.3  If any provision of this Trust shall be held invalid, illegal or inoperative under any circumstances, then so far as possible and reasonable, such provision under all other circumstances and all other provisions shall be effective and fully operative.  The Trustee may seek out and obtain Court instructions for the purposes of carrying out, as nearly as possible, the intention of this Trust shown by the terms hereof, including the term held invalid, illegal or inoperative.

6.4  This Trust shall become effective upon (i) the entry of the order to which this Trust Agreement is attached, (ii) the transfer of the above-stated sum of money to the Trustee, and (iii) the Trustee's acceptance of the Trust which shall be evidenced by the signature below of the appropriate officer of the Trustee. This Trust is created by operation of law as it is implemented herein by the Court, and neither the Beneficiary nor the court is the grantor of this Trust.

SIGNED this 27th day of June, 1995.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____
            Deputy Clerk

_____
UNITED STATES DISTRICT JUDGE

This _Reynaldo Sanchez de la Fuente_, Trust Agreement is hereby acknowledged and accepted by the Trustee, through the undersigned duly authorized officer, conditioned only upon approval of the Court and receipt of the Property, and Trustee agrees to administer same in accordance with the provisions hereof.

"TRUSTEE"
TEXAS STATE BANK

BY: _[signature]_
NAME: _CARLOS I. GARZA_
TITLE: _EVP i TO_

THE STATE OF TEXAS

COUNTY OF CAMERON

This instrument was acknowledged before me on this the 29th day of _June_, 1995 by _Carlos I. Garza_ as _EVP i TO_ of Texas State Bank, Trustee.


MELBA D. CARVAJAL
Notary Public
STATE OF TEXAS
My Comm. Exp. Jan. 16, 1997

_[signature]_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

My Commission Expires:

_____

_____
(Printed Name of Notary)

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By _[signature]_
            Deputy Clerk

11