IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLANDO RODRIGUEZ, et al | § | CIVIL ACTION NO. B-91-185 |
| Plaintiffs | § | Consolidated with: |
| VS. | § | B-92-079 |
| | § | B-93-009 |
| MALLORY CAPACITOR COMPANY, | § | B-93-137 |
| Et al Defendants | § | B-94-047 |

## UNOPPOSED ORDER DISSOLVING TRUST ON BEHALF OF MARISOL GONZALEZ RIVERA

On the _____ day of _____, 2006, came to be heard the Petitioner's Unopposed Motion to Dissolve Trust in the above entitled and numbered cause filed by **MARISOL GONZALEZ RIVERA**. Petitioner appeared by and through his counsel of record, Ricardo M. Adobbati, Attorney ad Litem. Encore Trust, the duly authorized and appointed trustee of the trust established by this Court in the above entitled and numbered cause appeared by and through its officer, Mrs Charmayne Moody. All issues of fact and law were submitted to the Court for decision through witness testimony, documentary evidence and argument.

Having reviewed the pleadings and other papers on file in this cause, and having considered the evidence presented and arguments of counsel, the Court finds as follows:

1. The Court has jurisdiction and venue of this action.

2. All necessary parties to this action are properly before the Court and have been duly served with citation in the manner required by law, or have voluntarily entered a general appearance in this cause.

3. The TRUST AGREEMENT FOR **MARISOL GONZALEZ RIVERA** dated June 27, 1995 is an irrevocable Trust maintained by EncoreTrust for the benefit of **MARISOL GONZALEZ RIVERA** (the Primary Beneficiary).

4. The current Trustee of the Trust is Encore Trust.

5. **MARISOL GONZALEZ RIVERA** is the sole person appointed Primary Beneficiary of his estate in the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Texas.

6. Section 112.054 of the Texas Trust Code provides that on petition of a beneficiary, a court may order that a trust be terminated if:

- a. The purposes of the trust have been fulfilled or have become illegal or impossible to fulfill; or
- b. Because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.

7. Petitioner has requested termination of the Trust because he believes it is in the best interest of the Primary Beneficiary to dissolve the trust. Due to the limitations of the trust, Petitioner is not allowed to withdraw funds for his well being based on the fact that the trust disallows payments for any expenses or benefits available through Social Security. Petitioner respectfully requests termination of the trust in order to obtain the monies necessary to aid in the payment of his health and legitimate needs – expenses disallowed by virtue of the limitations of a special needs trust

8. The interests of the Primary Beneficiary would be best served by terminating the trust as his limited access to the funds has created a situation contrary to the intent of the trust, that is, that said funds be used for his maintenance and well being.

9. Encore Trust has tendered an accounting of their actions as Trustee of the Trust ("Final Accounting"). The Final Accounting reflects the Trustee has administered the Trust in accordance with the requirements of the Trust and the Texas law.

10. The Final Accounting should be approved in all respects, and the trustee should be released and discharged from any and all liabilities arising out of, or in any way related to, the Trust or the Trust Termination.

11. The Trust should be terminated and the remaining Trust estate, after payment of all Court costs and expenses, and legal fees, be distributed **RICARDO M. ADOBBATI** as attorney ad litem, and **MARISOL GONZALEZ RIVERA.**

12. The Trustee should promptly liquidate all non-cash assets of the Trust, if any.

13. The sums once released from the trust shall be placed in a guaranteed annuity making monthly payments to the beneficiary through his or her guardian.

13. Although there may be unborn or unascertained contingent beneficiaries of the Trust, their interests are adequately represented in this proceeding by **MARISOL GONZALEZ RIVERA.**

14. Pursuant to Section 114.064 of the Texas Trust Code, the Petitioner is entitled to recover reasonable and necessary attorney fees and litigation expenses from the Trust. Such amounts shall be paid by Primary Beneficiary from the corpus of the trust once dissolved.

It is, therefore, ORDERED, ADJUDGED and DECREED that:

1. The **MARISOL GONZALEZ RIVERA** Trust is hereby terminated;

2. The termination shall be effective immediately upon the entry of this Final Judgment by the Court,

3. The Trustee is directed to deliver the remaining trust estate, after payment of all Court costs and expenses and legal fees, to **RICARDO M. ADOBBATI** as attorney ad litem, and **MARISOL GONZALEZ RIVERA.**

4. The provisions of this Final Judgment shall constitute sufficient legal authority to all persons owing any money to the Trust, having custody of any property of the Trust, or acting as registrar or transfer agent for any property of the trust, for payment or transfer of such money, property or right, without liability, to **MARISOL GONZALEZ RIVERA.**

5. It is further ORDERED, ADJUDGED and DECREED that the Trustee shall promptly liquidate all non-cash assets of the Trust held in the Trustee's name and that the Trustee shall deliver all properties in its possession, after payment of all Court costs, expenses and legal fees as above set forth, to **RICARDO M. ADOBBATI** as attorney ad litem, and **MARISOL GONZALEZ RIVERA**, as soon as reasonably possible after the entry of the Final Judgment.

6. If requested to do so, the Trustee shall execute any other document reasonably necessary to effect the transfer to title or delivery of its interest as trustee in the properties of the Trust to **MARISOL GONZALEZ RIVERA.**

7. The Successor Trustee shall further execute any necessary documentation to assure all future annuity payments currently paid on a monthly basis in the amount of until July 31st, 2007 be issued to the beneficiary **MARISOL GONZALEZ RIVERA** directly.

8. It is further ordered the corpus of the trust, after deduction of attorney's fees and court costs be placed in a conservative annuity for investment pursuant to the terms set forth in the motion.

It is further ORDERED, ADJUDGED and DECEED that the Final Accounting submitted by the Trustee is hereby approved in all respects, and that the Trustee is released and discharged from any and all liabilities arising ort of, or in any way related to, the administration of the Trust, including its termination.

It is further ORDERED, ADJUDGED and DECREED that all filing fees and court costs in this cause are hereby taxed against the Trust, for which let execution issue if not timely paid.

All relief requested and not expressly granted herein is denied.

SIGNED this _____ day of _____, 2006.

_____
UNITED STATED DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT:**

LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas 78521
Telephone No. (956) 544-6882
Facsimile No. (956) 544-6883

_____
Ricardo M. Adobbati
USDC Adm No. 18158
State Bar No. 00790208
*Attorney Ad Litem for Marisol Gonzalez Rivera*