United States District Court
Southern District of Texas
ENTERED

**DEC 2 0 2006**

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLANDO RODRIGUEZ, et al | § | CIVIL ACTION NO. B-91-185 |
| Plaintiffs | § | Consolidated with: |
| VS. | § | B-92-079 |
| | § | B-93-009 |
| MALLORY CAPACITOR COMPANY, | § | B-93-137 |
| Et al Defendants | § | B-94-047 |

## AMENDED UNOPPOSED ORDER DISSOLVING TRUST ON BEHALF OF JUAN ARTURO RIVAS ORTIZ

On the _2nd_ day of _____, 2006, came to be heard the Petitioner's Amended Unopposed Motion to Dissolve Trust in the above entitled and numbered cause filed by **JUAN ARTURO RIVAS ORTIZ "Petitioner".** Petitioner appeared by and through his guardian and Ricardo M. Adobbati, his Attorney ad Litem. Encore Trust, the duly authorized and appointed trustee of the trust established by this Court in the above entitled and numbered cause appeared by and through its officer, Charmayne Moody. All issues of fact and law were submitted to the Court for decision through witness testimony, documentary evidence and argument.

Having reviewed the pleadings and other papers on file in this cause, and having considered the evidence presented and arguments of counsel, the Court finds as follows:

1.     The Court has jurisdiction and venue of this action.

2.     All necessary parties to this action are properly before the Court and have been duly served with citation in the manner required by law, or have voluntarily entered a general appearance in this cause.

3.     The TRUST AGREEMENT FOR **JUAN ARTURO RIVAS ORTIZ** dated June 27, 1995 is an irrevocable Trust maintained by EncoreTrust for the benefit of **JUAN ARTURO RIVAS ORTIZ** (the Primary Beneficiary).

4.     The current Trustee of the Trust is Encore Trust.

5.     **JUAN ARTURO RIVAS ORTIZ** is the sole person appointed Primary Beneficiary of his estate in the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Texas.

6.     Section 112.054 of the Texas Trust Code provides that on petition of a beneficiary, a court may order that a trust be terminated if:

     a.     The purposes of the trust have been fulfilled or have become illegal or impossible to fulfill; or

     b.     Because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.

7.     Petitioner has requested termination of the Trust because he believes it is in the best interest of the Primary Beneficiary to dissolve the trust. Due to unanticipated circumstances involving the limitations of the trust, Petitioner is not allowed to withdraw funds for his well being based on the fact that the trust disallows payments for any expenses or benefits available through Social Security. Petitioner respectfully requests termination of the trust in order to obtain the monies necessary to aid in the payment of his health and legitimate needs – expenses disallowed by virtue of the limitations of a special needs trust

8.     The interests of the Primary Beneficiary would be best served by terminating the trust as his limited access to the funds has created a situation contrary to the intent of the trust, that is, that said funds be used for his maintenance and well being.

9.     Encore Trust has tendered an accounting of their actions as Trustee of the Trust ("Final Accounting"). The Final Accounting reflects the Trustee has administered the Trust in accordance with the requirements of the Trust and the Texas law.

10.     The Final Accounting should be approved in all respects, and the trustee should be released and discharged from any and all liabilities arising out of, or in any way related to, the Trust or the Trust Termination.

11.     The Trust should be terminated and the remaining Trust estate, after payment of all Court costs and expenses, and legal fees, be distributed to **RICARDO M. ADOBBATI** as attorney ad litem, and **EVA ORTIZ, as guardian of the Beneficiary.**

12.     The Trustee should promptly liquidate all non-cash assets of the Trust, if any.

13.     Mr. Adobbati and Ms. Ortiz shall place any sums received with AG Edwards and Sons Inc., located at 2334 Boca Chica Blvd, Suite 400, Brownsville, Texas 78521 in a money market account or certificate of deposit account where the account would be paid at current money market interest rates or CD interest rates, as applicable. Petitioner and his guardian are

aware the rates fluctuate on a daily basis and the interest paid is not guaranteed. On a monthly basis the account shall disburse $500.00 to an account designated by the guardian or by check issued to the guardian for the sole benefit of the beneficiary. Petitioner or his guardian will not be allowed to withdraw more than said amount from the account save and except in certain instances where additional monies would be necessary and only upon the following conditions:

a.    In the event a request is made in any particular month for sums are for an amount of $1000.00 or less (including the automatic monthly payment), Ricardo M. Adobbati as ad litem for the beneficiary will have the ability to determine whether an additional amount of $500.00 or less may be provided to the guardian solely for the benefit of the Primary Beneficiary. The money is to be used solely for the health, welfare and benefit of the Primary Beneficiary and no other. Receipts or estimates of expenses will be required to evidence the need for the additional sums

b.    If the amount is in excess of a monthly total of $1000.00, Ricardo M. Adobbati must request a hearing before the court for approval of any such expense(s).

c.    Petitioner understands that without any special request or expenses the amount to be received on a monthly basis for the sole benefit and use the primary beneficiary shall be $500.00.

d.    Petitioner and the guardian are aware that it is possible the sums in this trust may, and in all likelihood, will eventually be reduced or completely exhausted. This would be due to the monthly payments made, additional expenses paid as a result of the health, care and benefit of the primary beneficiary as well as related expenses in the handling of the account, including attorney's fees. Nevertheless all parties, guardians and the ad litem agree that this is in the best interest of the beneficiary.

e.    In the event petitioner does not require said payment in any particular month, said sums shall be re-deposited in the money market account, or in the alternative, Petitioner/Guardian shall send written notification to either the ad litem, Ricardo M. Adobbati, or AG Edwards and Sons Inc., of the desire to not receive monthly payments until further notice from the Petitioner/Guardian.

f.    The ad litem shall be entitled to reasonable and necessary attorney's fees for those actions taken as a result of managing and performing the actions outlined in this order. Said sums may be paid out of the money market account on a quarterly basis, if any.

14. Although there may be unborn or unascertained contingent beneficiaries of the Trust, their interests are adequately represented in this proceeding by **JUAN ARTURO RIVAS ORTIZ.**

15. Pursuant to Section 114.064 of the Texas Trust Code, the Petitioner is entitled to recover reasonable and necessary attorney fees and litigation expenses from the Trust. Such amounts shall be paid from the corpus of the trust once dissolved and deposited in the IOLTA maintained by Ricardo M. Adobbati, ad litem.

16. Designation of Successor Guardian – The court finds that the guardian shall be the recipient of the funds made the basis of this motion. In the event the Guardian should become unable to perform his or her functions pursuant to this order due to death or disability, Petitioner hereby designates, and the court accepts, **Nidia Guadalupe Rivas Ortiz D/O/B: 12/11/77** currently residing at **Juan Jose de la Garza entre 18 y 20 #507, Colonia Buena Vista, H. Matamoros Tamaulipas, Mexico** to be appointed as the Successor Guardian subject to all the limitations and guidelines outlined in this order. The ad litem shall seek appointment from this Honorable Court of the Successor Guardian when made aware of the need for same.

It is, therefore, ORDERED, ADJUDGED and DECREED that:

1. The **JUAN ARTURO RIVAS ORTIZ** Trust is hereby terminated;

2. The termination shall be effective immediately upon the entry of this Final Judgment by the Court,

3. The Trustee is directed to deliver the remaining trust estate, after payment of all Court costs and expenses and legal fees, to **RICARDO M. ADOBBATI** as attorney ad litem, for **JUAN ARTURO RIVAS ORTIZ** to be deposited into an IOLTA account for the use and benefit of **JUAN ARTURO RIVAS ORTIZ**. Upon receipt of said funds and after payment of all expenses related to this dissolution as well as expenses incurred for the care of the beneficiary during the pendency of this motion, said remaining funds shall be deposited in a money market account or a certificate of deposit with AG Edwards and Sons, Inc as described within this order.

4. The provisions of this Final Judgment shall constitute sufficient legal authority to all persons owing any money to the Trust, having custody of any property of the Trust, or acting as registrar or transfer agent for any property of the trust, for payment or transfer of such money, property or right, without liability, to **JUAN ARTURO RIVAS ORTIZ.**

5. It is further ORDERED, ADJUDGED and DECREED that the Trustee shall promptly liquidate all non-cash assets of the Trust held in the Trustee's name and that the Trustee shall deliver all properties in its possession, after payment of all Court costs, expenses and legal fees as above set forth, to **RICARDO M. ADOBBATI** as attorney ad litem, and **JUAN ARTURO RIVAS ORTIZ** as soon as reasonably possible after the entry of the Final Judgment.

6. If requested to do so, the Trustee shall execute any other document reasonably necessary to effect the transfer to title or delivery of its interest as trustee in the properties of the Trust to **JUAN ARTURO RIVAS ORTIZ**.

7. The Successor Trustee shall further execute any necessary documentation to assure all future annuity payments to the extent they still exist currently paid on a monthly basis in the amount of until December 31, 2006 be issued to the beneficiary **JUAN ARTURO RIVAS ORTIZ** directly.

8. It is further ordered the corpus of the trust, after deduction of attorney's fees and court costs be placed in a money market account or a certificate of deposit pursuant to the terms set forth in the motion.

9. It is further ordered all findings referenced in this order be followed and accomplished in a reasonable and timely fashion in order to avoid any future expense.

It is further ORDERED, ADJUDGED and DECEED that the Final Accounting submitted by the Trustee is hereby approved in all respects, and that the Trustee is released and discharged from any and all liabilities arising out of, or in any way related to, the administration of the Trust, including its termination.

It is further ORDERED, ADJUDGED and DECREED that all filing fees and court costs in this cause are hereby taxed against the Trust, for which let execution issue if not timely paid.

All relief requested and not expressly granted herein is denied.

SIGNED this ___ day of _____, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AND CONTENT:**

LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas 78521
Telephone No. (956) 544-6882
Facsimile No. (956) 544-6883

**/S/ RICARDO M. ADOBBATI**
Ricardo M. Adobbati
USDC Adm No. 18158
State Bar No. 00790208
*Attorney Ad Litem for Juan Arturo Rivas Ortiz*