IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLANDO RODRIGUEZ, et al | § | CIVIL ACTION NO. B-91-185 |
| Plaintiffs | § | Consolidated with: |
| VS. | § | B-92-079 |
| | § | B-93-009 |
| MALLORY CAPACITOR | § | B-93-137 |
| COMPANY, et al | § | B-94-047 |
| Defendants | § | |

## UNOPPOSED ORDER DISSOLVING TRUST ON BEHALF OF BERTHA ALICIA MORALES CORTINAS

On the _____ day of _____, 2008, came to be heard the Petitioner's Unopposed Motion to Dissolve Trust in the above entitled and numbered cause filed by **BERTHA ALICIA MORALES CORTINAS**. Petitioner appeared by and through his counsel of record, Ricardo M. Adobbati, Attorney ad Litem. Encore Trust, the duly authorized and appointed trustee of the Section 142 trust established by this Court in the above entitled and numbered cause appeared by and through its counsel of record, Ms. Charmayne Moody, of EncoreTrust. All issues of fact and law were submitted to the Court for decision through witness testimony, documentary evidence and argument.

Having reviewed the pleadings and other papers on file in this cause, and having considered the evidence presented at trial and arguments of counsel, the Court finds as follows:

1. The Court has jurisdiction and venue of this action.

2. All necessary parties to this action are properly before the Court and have been duly served with citation in the manner required by law, or have voluntarily entered a general appearance in this cause.

3. The TRUST AGREEMENT FOR **BERTHA ALICIA MORALES CORTINAS** dated June 27, 1995 is an irrevocable Trust created by Texas State Bank for the benefit of **BERTHA ALICIA MORALES CORTINAS** (the Primary Beneficiary).

4. The current Trustee of the Trust is Encore Trust.

5. **BERTHA ALICIA MORALES CORTINAS** is the sole person appointed Primary Beneficiary of his estate in the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Texas.

6. Section 112.054 of the Texas Trust Code provides that on petition of a beneficiary, a court may order that a trust be terminated if:

    a.       The purposes of the trust have been fulfilled or have become illegal or impossible to fulfill; or
    b.       Because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.

7. Petitioner has requested termination of the Trust because he believes it is in the best interest of the Primary Beneficiary to dissolve the trust. Beneficiary has become the age of eighteen years and able to handle his personal affairs. Primary Beneficiary has further educated himself and provided sufficient evidence of his capability to handle his own monetary affairs.

8. The interests of the Primary Beneficiary would be best served by terminating the trust as his limited access to the funds has created a situation contrary to the intent of the trust, that is, that said funds be used for his maintenance and well being.

9. Encore Trust has tendered an accounting of their actions as Trustee of the Trust ("Final Accounting"). The Final Accounting reflects the Trustee has administered the Trust in accordance with the requirements of the Trust and the Texas law.

10. The Final Accounting should be approved in all respects, and the trustee should be released and discharged from any and all liabilities arising out of, or in any way related to, the Trust or the Trust Termination.

11. The Trust should be terminated and the remaining Trust estate, after payment of all Trustee's fees, Court costs and expenses, and legal fees, be distributed to **RICARDO M. ADOBBATI,** Attorney ad litem and **BERTHA ALICIA MORALES CORTINAS**.

12. The Trustee should promptly liquidate all non-cash assets of the Trust, if any.

13. Although there may be unborn or unascertained contingent beneficiaries of the Trust, their interests are adequately represented in this proceeding by **BERTHA ALICIA MORALES CORTINAS**.

14. Pursuant to Section 114.064 of the Texas Trust Code, the Petitioner is entitled to recover reasonable and necessary attorney fees and litigation expenses from the Trust. Such amounts shall be paid by Primary Beneficiary from the corpus of the trust once dissolved.

It is, therefore, ORDERED, ADJUDGED and DECREED that:

1. The **BERTHA ALICIA MORALES CORTINAS** Trust is hereby terminated;

2. That the termination shall be effective immediately upon the entry of this Final Judgment by the Court.

3. The Trustee is directed to deliver the remaining trust estate, after payment of all Trustee's fees, Court costs and expenses and legal fees, to **RICARDO M. ADOBBATI,** Attorney ad litem and **BERTHA ALICIA MORALES CORTINAS.**

4. The provisions of this Final Judgment shall constitute sufficient legal authority to all persons owing any money to the Trust, having custody of any property of the Trust, or acting as registrar or transfer agent for any property of the trust, for payment or transfer of such money, property or right, without liability, to **BERTHA ALICIA MORALES CORTINAS**.

5. It is further ORDERED, ADJUDGED and DECREED that the Trustee shall promptly liquidate all non-cash assets of the Trust held in the Trustee's name and that the Trustee shall deliver all properties in its possession, after payment of all trustee's fees, court costs, expenses and legal fees as above set forth, to **BERTHA ALICIA MORALES CORTINAS**, as soon as reasonably possible after the entry of the Final Judgment.

6. If requested to do so, the Trustee shall execute any other document reasonably necessary to effect the transfer to title or delivery of its interest as trustee in the properties of the Trust to **BERTHA ALICIA MORALES CORTINAS**.

7. The Trustee shall further execute any necessary documentation to assure all future annuity payments currently paid on a monthly basis in the amount of $629.00 until July 31st, 2006 be issued to beneficiary directly.

8. It is further ordered the final annuity payment of **$58,9,983.59** to be issued on or about September 1, 2008 shall be issued to **"Bertha Alicia Morales Cortinas and her Attorney Ricardo M. Adobbati"** for investment pursuant to the terms set forth in the motion.

It is further ORDERED, ADJUDGED and DECEED that the Final Accounting submitted by the Trustee is hereby approved in all respects, and that the Trustee is released and discharged from any and all liabilities arising ort of, or in any way related to, the administration of the Trust, including its termination.

It is further ORDERED, ADJUDGED and DECREED that Ricardo M. Adobbati is entitled to recover reasonable attorney fees and court costs from the Trust in the amount of **$5000.00** pursuant to Section 114.064 of the Texas Trust Code, and that these fees shall be paid

by Beneficiary **BERTHA ALICIA CORTINAS MORALES** from the corpus once delivered to Ricardo M. Adobbati, in trust.

It is further ORDERED, ADJUDGED and DECEED that all filing fees and court costs in this cause are hereby taxed against the Trust, for which let execution issue if not timely paid.

All relief requested and not expressly granted herein is denied.

SIGNED this _____ day of _____ , 2008.

                                                                                    _____
                                                                                    UNITED STATED DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:


LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas  78521
Telephone No. (956) 544-6882
Facsimile No.  (956) 544-6883


  _/s/Ricardo M. Adobbati_____
Ricardo M. Adobbati
USDC Adm No. 18158
State Bar No. 00790208
Attorney for **BERTHA ALICIA CORTINAS MORALES**

4